**In re Danny B. BONDS.**

No. 04-01-00192-CV.

Court of Appeals of Texas,
San Antonio.

April 30, 2001.

Rehearing Overruled June 4, 2001.

Danny D. Bonds, Beeville, pro se.

Charles K. Eldred, Asst. Atty. Gen., Austin, for Appellee.

Before HARDBERGER, C.J., RICKHOFF and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

Danny B. Bonds ("Bonds") seeks a writ of mandamus to require the respondent, the presiding judge of the 81st Judicial District Court, Karnes County, Texas, to set a hearing on Bonds's emergency request for a discovery order. We construe the emergency request as a motion to compel a response to discovery requests, and we conditionally grant the writ.

### PROCEDURAL HISTORY

Bonds, an inmate, has a pending lawsuit against various prison officials for actions taken in connection with a disciplinary proceeding. In June of 2000, Bonds sent discovery requesting a copy of his disci-

plinary record and the tape from the disciplinary hearing. Bonds asserted that this information is crucial to enable him to prove his claims. Bonds believed that under the State's two year record retention policy, the disciplinary record and tape would be destroyed on March 30, 2001. From our records, it does not appear that Bonds received any response to his discovery requests.

In an effort to obtain the information and prevent its destruction, in September of 2000, Bonds filed an emergency request in the trial court for preservation of the information for discovery and use as evidence. When the defendants failed to respond to this request, Bonds filed an emergency request for discovery order in the trial court in January of 2001, requesting the trial court to issue a discovery order to protect the evidence from destruction. The cover letter accompanying the request asks the clerk to bring the request to the trial court's attention for a ruling. The cover letter emphasized Bonds's concern that the evidence was subject to destruction. In February of 2001, Bonds sent another letter to the clerk requesting an immediate ruling. Bonds did not receive a ruling in response to his requests. On March 12, 2001, Bonds filed a petition for writ of mandamus in this court seeking mandamus relief from the trial court's failure to rule on his requests for relief from the defendants' failure to respond to discovery.

## DISCUSSION

■ A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.— San Antonio 1997, orig. proceeding). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Id.* In *Safety-Kleen Corp. v. Garcia,* this court granted mandamus relief based on a trial court's failure to rule on a motion to compel within a reasonable time. 945 S.W.2d at 270.

■ In this case, Bonds filed a proper motion, and the trial court has failed to rule on the motion despite Bonds's repeated requests. Therefore, mandamus relief is appropriate. *Id.* The real parties in interest have filed a response to Bonds's petition, asserting that mandamus relief is not necessary for the following reason:

> The undersigned attorney for Respondents [sic] has discussed this mandamus request with Respondent Hinkle, who was the officer who presided over the disciplinary hearings, and the Connally Unit warden's office. The originals of the tape have been placed in Hinkle's desk and will not be destroyed. Copies of the tape are being made, and one copy will be provided to the undersigned.

Although we are appreciative of the efforts of counsel for the real parties in interest to conserve judicial resources, Bonds has no legal protection preventing the destruction of the tape in the absence of a court order. Furthermore, we note that Bonds's request extended beyond the disciplinary tape to the disciplinary records as well. Finally, we note that providing a copy of the tape to "the undersigned" counsel for the real parties in interest is not responsive to Bonds's discovery request that he be provided a copy of the tape.

## CONCLUSION

We conditionally grant Bonds's petition for writ of mandamus. The writ shall issue only upon certification to this court that the presiding judge of the 81st Judicial District Court, Karnes County, Texas,

has failed to hear and rule upon Bonds's emergency request for discovery order. An agreed order with regard to Bonds's emergency request shall be sufficient to satisfy the hearing and ruling requirement.