NO. 12-03-00317-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 



IN RE: RANDALL GUINN HASTY,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






MEMORANDUM OPINION


 Relator Randall Guinn Hasty seeks a writ of mandamus compelling the trial court to either
make an immediate ruling on Relator's "Motion Nunc Pro Tunc" or, alternatively, to set a date for
ruling in the very near future. We deny the writ.

 A writ of mandamus will only be issued "to correct a clear abuse of discretion or [a] violation
of a duty imposed by law where there is no other remedy by law." Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A trial court abuses its discretion where it (1) has a
legal duty to perform a non-discretionary act, (2) is asked to perform the act, and (3) fails or refuses
to do so. Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig.
proceeding). When a motion is properly filed and pending before a trial court, the act of considering
and ruling upon that motion is a ministerial act. In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.-Amarillo 2001, orig. proceeding). A trial court must consider and rule on a motion brought
to the court's attention within a reasonable amount of time. In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.-San Antonio 2001, orig. proceeding). 

 The record furnished in this proceeding does not show that Relator has asked the trial court
to set a hearing on his motion or to make a ruling. The appendix accompanying Relator's mandamus
petition includes a letter dated August 27, 2003 requesting information regarding the status of the
motion and inquiring whether the trial court has made a ruling. This document does not constitute
a formal request for a hearing or a ruling, and the appendix contains no other document requesting
a hearing on Relator's motion. 

 Even if Relator's letter can be considered a request for a hearing, Relator must also show that
the trial court has had a reasonable time within which to perform its duty. What constitutes a
reasonable time is dependent upon the circumstances of each case. Barnes, 832 S.W.2d at 426. In
determining whether a specific length of time is reasonable, an appellate court may consider, inter
alia, (1) the trial court's actual knowledge of the motion, (2) its overt refusal to act on the motion,
(3) the state of the court's docket, (4) the existence of other judicial and administrative matters which
must be addressed first, and (5) the trial court's inherent power to control its docket. Chavez, 62
S.W.3d at 229. However, Relator has furnished no information which allows us to determine when
the trial court first actual knowledge of the motion, the reason for the trial court's failure to act, the
state of its docket, or its schedule. Without such information, we cannot determine whether the trial
court has had a reasonable time for the trial court to conduct a hearing and rule on Relator's motion. 
Consequently, Relator has failed to show that he is entitled to mandamus relief. Accordingly,
Relator's petition for writ of mandamus is denied.

 SAM GRIFFITH 

 Justice



Opinion delivered September 30, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.





(PUBLISH)