Criminal Case Template










 



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








IN RE: EUGENIO L. RODRIGUEZ,


 Relator.



§


§


§


§


§


No. 08-03-00499-CR


AN ORIGINAL PROCEEDING 


IN MANDAMUS




OPINION ON PETITION FOR WRIT OF MANDAMUS


 Eugenio L. Rodriguez has filed a pro se petition for writ of mandamus, seeking an
order compelling the trial court to rule on his motion for forensic DNA testing. 

I. BACKGROUND

 On July 11, 2002, Rodriguez filed in the trial court a motion for forensic DNA testing
and appointment of counsel. In re Rodriguez, No. 08-03-00063-CR, 2003 WL 21419588,
at *1 (Tex. App.--El Paso June 19, 2003, orig. proceeding) (not designated for publication). 
When the trial court failed to rule on this motion, Rodriguez filed a mandamus petition in this
court. Id. While the mandamus proceeding was pending, the trial court appointed counsel
for Rodriguez. Id. at *1-2. Because the trial court thus granted part of the relief Rodriguez
was seeking, we denied the petition for writ of mandamus, stating:

 We trust that the court will rule on Rodriguez's motion for forensic DNA
testing within a reasonable time after counsel has had an opportunity to consult
with Rodriguez. We expect counsel . . . to take appropriate steps to ensure that
a motion for forensic DNA testing is considered and ruled on by the court.


Id. at *2.


 The trial court subsequently appointed Rodriguez a different attorney, who has filed
a motion for DNA testing in the trial court, reviewed the file, and procured a hearing date of
November 4, 2003. However, the hearing scheduled for November 4 was not held. 
According to counsel for Rodriguez and the State, the hearing was not held because of
scheduling conflicts and because Rodriguez had not been bench warranted for the hearing,
although his counsel requested a bench warrant. Both counsel anticipate that a hearing will
be scheduled for February 2004. 

II. DISCUSSION

 Because Rodriguez is represented by counsel in the trial court, he is not entitled to
relief on his pro se petition for writ of mandamus. See Gray v. Shipley, 877 S.W.2d 806, 806
(Tex. App.--Houston [1st Dist.] 1994, orig. proceeding); Rudd v. State, 616 S.W.2d 623, 625
(Tex. Crim. App. [Panel Op.] 1981). 

 Rodriguez is also not entitled to mandamus relief because he has not established that
the trial court has failed to perform a ministerial duty. To obtain mandamus relief in a
criminal matter, the relator must establish that (1) the act sought to be compelled is
ministerial, and (2) there is no adequate remedy at law. Dickens v. Court of Appeals for
Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (orig.
proceeding). A trial court has a ministerial duty to consider and rule on a motion within a
reasonable time. In re Bonds, 57 S.W.3d 456, 457 (Tex. App.--San Antonio 2001, orig.
proceeding). 

 Rodriguez has been seeking a ruling on his motion for DNA testing for over a year. 
But it appears from the record before us that the trial court and counsel have taken some
steps toward a ruling. Although we remain concerned about the delay in ruling on
Rodriguez's motion, we cannot say that the recent delay is unreasonable. See In re
Villarreal, 96 S.W.3d 708, 710-11 (Tex. App.--Amarillo 2003, orig. proceeding). 

 For the reasons stated herein, the petition for writ of mandamus is denied. 

March 17, 2004


 __________________________________

 RICHARD BARAJAS, Chief Justice



Before Panel No. 2 

Barajas, C.J., McClure, and Chew, JJ. 



(Do Not Publish)