Criminal Case Template







      COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: LAWRENCE JOSEPH
TUCKER,

                            Relator.


§

§

§

§

§



No. 08-05-00208-CR

AN ORIGINAL PROCEEDING 

IN MANDAMUS





O P I N I O N
           Lawrence Joseph Tucker has filed a pro se petition for writ of mandamus, seeking
an order compelling the trial court to rule on his motion for forensic DNA testing and
appointment of counsel. For the reasons that follow, we will deny the petition.
Procedural Background 
           In his petition for writ of mandamus, Relator states that he filed a motion for
forensic DNA testing after conviction on December 17, 2003 and filed a motion for
appointment of counsel on December 22, 2003. Relator also asserts that he filed a post-conviction writ of habeas corpus on January 13, 2004.


 According to the facts related in
his petition, it appears that the trial court did appoint counsel to Relator, but Relator
complains that appointed counsel refused to obtain a pre-existing DNA forensic report for
him.
Relevant Law
           To obtain mandamus relief in a criminal matter, the relator must establish that (1)
the act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. 
Dickens v. Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548
(Tex.Crim.App. 1987) (orig. proceeding).
           Chapter 64 of the Code of Criminal Procedure provides that a convicted person
may file in the trial court a motion for forensic DNA testing of evidence containing
biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2004-05). 
A person is entitled to counsel during a proceeding for forensic DNA testing. Id. art.
64.01(c). Moreover, a trial court is required to consider and rule on a motion within a
reasonable time. In re Bonds, 57 S.W.3d 456, 457 (Tex.App.--San Antonio 2001, orig.
proceeding). When a motion is filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act, and mandamus will issue
to compel the trial judge to act. See id.
 

Discussion
           Evidently, the trial court, in fact, appointed counsel to represent Relator on the
motion for forensic DNA testing, therefore we conclude that he received at least part of
the relief he now seeks by writ of mandamus. With regard to Relator’s claim that the trial
court failed to rule on his motion for forensic DNA testing, we observe that Relator has
failed to attach to his petition a copy of the motion for forensic DNA testing, which
should have been accompanied by an affidavit containing statements of fact in support of
the motion. See Tex. Code Crim. Proc. Ann. art. 64.01(a). Given there is no evidence
that Relator complied with the requirements of Article 64.01, this Court cannot conclude
that the trial court abused its discretion or failed to perform a ministerial duty by failing to
rule on Relator’s motion.
           We conclude that Relator is not entitled to mandamus relief at this time. 
Accordingly, the petition for writ of mandamus is denied.
 
                                                                  RICHARD BARAJAS, Chief Justice
June 23, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)