COURT OF APPEALS

                  SECOND
DISTRICT OF TEXAS

                           FORT
WORTH

 

 

                                        NO.
2-04-294-CR

 

 

CLIFTON DEWAYNE HARVIN                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 97TH
DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Clifton Dewayne Harvin presents us with
an appalling scenario.  Unfortunately, he
has not chosen the appropriate vehicle to seek his remedy. 

We therefore affirm the trial court=s
judgment.








In 1996, pursuant to a plea bargain, Appellant
pled nolo contendere to aggravated sexual assault of his young daughter by
digital penetration, and the trial court placed him on ten years=
deferred adjudication community supervision. 
At the time of the allegations, Appellant and his wife were engaged in a
hotly contested divorce dispute. 
Eighteen months after entering his plea, Appellant approached his
attorney and claimed actual innocence. 
His attorney had him polygraphed, and Appellant passed the polygraph
test.  Appellant filed a motion to
terminate deferred adjudication based on his claim of actual innocence.  In response, the prosecutor chose a second
polygrapher to examine Appellant. 
Appellant passed that polygraph test as well.  On December 29, 1997, Appellant filed his
first amended motion to terminate deferred adjudication.  At the hearing on the motion on January 26,
1998, Appellant offered into evidence the results of the two polygraph
examinations that he had passed.  The
State did not object.  The trial court
took the motion under advisement but did not rule.

In April 1998, Appellant filed a second amended
motion to terminate the deferred adjudication and an application for a
temporary restraining order (ATRO@) and a
temporary injunction to avoid registering as a sex offender.  The trial court denied the TRO and set the
hearing on the temporary injunction for April 27, 1998.  We do not see any ruling on the temporary
injunction in the record.








On October 26, 1998, the trial court finally
heard Appellant=s second amended motion to
terminate the deferred adjudication.  The
trial court continued to take matters under advisement without ruling.

On November 3, 2003, the State filed its amended
motion to adjudicate based on alleged violations occurring in July and October
2003.  In March 2004, Appellant filed his
motion to withdraw the motion to revoke, to withdraw his guilty plea, and to
dismiss the underlying felony due to newly discovered exculpatory
evidence.  Alternatively, he moved for
trial of the underlying felony and abatement of the State=s motion
to revoke until the trial.  The trial
court denied Appellant=s motion on March 19, 2004.  Appellant contends that there was an
unrecorded hearing; the State denies that there is any evidence of the
hearing.  The order itself, however, states
that AOn March
19, 2004 the court heard . . . .@

Appellant also contends that the trial court
wanted him to take a third polygraph test from an individual named by the trial
court.  He contends that the trial court
finally approved Don West as the third polygrapher and that he passed the third
polygraph examination.  Appellant also
argues that neither the probation officer nor the prosecutor opposed his early
release from deferred adjudication community supervision.








After a hearing, the trial court granted the
State=s
amended motion to adjudicate, adjudicating Appellant=s
guilt.  Appellant moved for mistrial at
the punishment hearing, arguing that he had been denied exculpatory evidence
included in the presentence investigation report (APSI@) until
it was too late to plead not guilty. 
Included in the alleged exculpatory evidence is information that, on at
least one occasion, the complainant recanted her testimony and that the
prosecutor was aware of that recantation and failed to provide the information
to trial counsel.  The State claims that
Appellant did not establish a basis for relief based on denial of exculpatory
evidence prior to the hearing on the motion to proceed to adjudication.  After the hearing, the trial court sentenced
Appellant to sixty years= confinement in the
Institutional Division of the Texas Department of Criminal Justice.

Appellant brings two issues challenging the trial
court=s
failure to respond to his motion to terminate his deferred adjudication and the
trial court=s denial of his motion for
mistrial based on new evidence, including polygraph tests, a CPS report, an
affidavit of non-prosecution, and failure to disclose the recantation.








The State argues that Appellant did not secure
the trial court=s permission to appeal the
adjudication of his deferred adjudication community supervision.  However, because the adjudication and
resulting sentence were not plea-bargained, Appellant was not required to
comply with the rules for a plea-bargained conviction and sentence.[2]  The State is correct, however, when it states
that a defendant may not appeal a trial court=s
decision to adjudicate.[3]

Appellant=s issues
essentially complain of the trial court=s
decision to adjudicate his guilt. 
Consequently, the proper vehicle for these complaints is not an appeal
after adjudication.[4]  We overrule Appellant=s two
issues.

We note that before adjudication, Appellant could
have filed an application for writ of mandamus with this court, asking us to
require the trial court to timely rule on his motions.[5]  At this point in time, however, his proper
remedy is a postconviction application for a writ of habeas corpus pursuant to
article 11.07 of the Texas Code of Criminal Procedure.[6]  The hearing on the article 11.07 writ allows
a defendant to make the necessary record, a record which we do not sufficiently
have before us.








Having overruled Appellant=s two
issues, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  September 29, 2005











[1]See Tex. R. App. P. 47.4.





[2]See Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).





[3]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2004-05).





[4]See id.





[5]See In re Bonds,
57 S.W.3d 456, 457 (Tex. App.CSan Antonio 2001, orig. proceeding); see also Eli
Lilly v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992).





[6]Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005).