Clifton Dewayne Harvin v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-294-CR

CLIFTON DEWAYNE HARVIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97
TH
 DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Clifton Dewayne Harvin presents us with an appalling scenario.  Unfortunately, he has not chosen the appropriate vehicle to seek his remedy. 

We therefore affirm the trial court’s judgment.

In 1996, pursuant to a plea bargain, Appellant pled nolo contendere to aggravated sexual assault of his young daughter by digital penetration, and the trial court placed him on ten years’ deferred adjudication community supervision.  At the time of the allegations, Appellant and his wife were engaged in a hotly contested divorce dispute.  Eighteen months after entering his plea, Appellant approached his attorney and claimed actual innocence.  His attorney had him polygraphed, and Appellant passed the polygraph test.  Appellant filed a motion to terminate deferred adjudication based on his claim of actual innocence.  In response, the prosecutor chose a second polygrapher to examine Appellant.  Appellant passed that polygraph test as well.  On December 29, 1997, Appellant filed his first amended motion to terminate deferred adjudication.  At the hearing on the motion on January 26, 1998, Appellant offered into evidence the results of the two polygraph examinations that he had passed.  The State did not object.  The trial court took the motion under advisement but did not rule.

In April 1998, Appellant filed a second amended motion to terminate the deferred adjudication and an application for a temporary restraining order (“TRO”) and a temporary injunction to avoid registering as a sex offender.  The trial court denied the TRO and set the hearing on the temporary injunction for April 27, 1998.  We do not see any ruling on the temporary injunction in the record.

On October 26, 1998, the trial court finally heard Appellant’s second amended motion to terminate the deferred adjudication.  The trial court continued to take matters under advisement without ruling.

On November 3, 2003, the State filed its amended motion to adjudicate based on alleged violations occurring in July and October 2003.  In March 2004, Appellant filed his motion to withdraw the motion to revoke, to withdraw his guilty plea, and to dismiss the underlying felony due to newly discovered exculpatory evidence.  Alternatively, he moved for trial of the underlying felony and abatement of the State’s motion to revoke until the trial.  The trial court denied Appellant’s motion on March 19, 2004.  Appellant contends that there was an unrecorded hearing; the State denies that there is any evidence of the hearing.  The order itself, however, states that “On March 19, 2004 the court heard . . . .”

Appellant also contends that the trial court wanted him to take a third polygraph test from an individual named by the trial court.  He contends that the trial court finally approved Don West as the third polygrapher and that he passed the third polygraph examination.  Appellant also argues that neither the probation officer nor the prosecutor opposed his early release from deferred adjudication community supervision.

After a hearing, the trial court granted the State’s amended motion to adjudicate, adjudicating Appellant’s guilt.  Appellant moved for mistrial at the punishment hearing, arguing that he had been denied exculpatory evidence included in the presentence investigation report (“PSI”) until it was too late to plead not guilty.  Included in the alleged exculpatory evidence is information that, on at least one occasion, the complainant recanted her testimony and that the prosecutor was aware of that recantation and failed to provide the information to trial counsel.  The State claims that Appellant did not establish a basis for relief based on denial of exculpatory evidence prior to the hearing on the motion to proceed to adjudication.  After the hearing, the trial court sentenced Appellant to sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant brings two issues challenging the trial court’s failure to respond to his motion to terminate his deferred adjudication and the trial court’s denial of his motion for mistrial based on new evidence, including polygraph tests, a CPS report, an affidavit of non-prosecution, and failure to disclose the recantation.

The State argues that Appellant did not secure the trial court’s permission to appeal the adjudication of his deferred adjudication community supervision.  However, because the adjudication and resulting sentence were not plea-bargained, Appellant was not required to comply with the rules for a plea-bargained conviction and sentence.
(footnote: 2)  The State is correct, however, when it states that a defendant may not appeal a trial court’s decision to adjudicate.
(footnote: 3)
 Appellant’s issues essentially complain of the trial court’s decision to adjudicate his guilt.  Consequently, the proper vehicle for these complaints is not an appeal after adjudication.
(footnote: 4)  We overrule Appellant’s two issues.

We note that before adjudication, Appellant could have filed an application for writ of mandamus with this court, asking us to require the trial court to timely rule on his motions.
(footnote: 5)  At this point in time, however, his proper remedy is a postconviction application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.
(footnote: 6)  The hearing on the article 11.07 writ allows a defendant to make the necessary record, a record which we do not sufficiently have before us.

Having overruled Appellant’s two issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Dears v. State
, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

3:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).

4:
See id.

5:
See In re Bonds
, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); 
see also Eli Lilly v. Marshall
, 829 S.W.2d 157, 158 (Tex. 1992).

6:
Tex. Code Crim. Proc. Ann.
 art. 11.07 (Vernon 2005).