Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: JOSE LUIS MONARREZ,

                            Relator.


§

§

§

§

§


No. 08-05-00338-CR

AN ORIGINAL PROCEEDING 

IN MANDAMUS





O P I N I O N
           Relator Jose Luis Monarrez seeks a writ of mandamus to compel Respondent, the
presiding judge of the 243rd Judicial District Court of El Paso County, to rule on his
motions for appointment of counsel to represent him pursuant to Article 64, Texas Code
of Criminal Procedure. We will deny the petition.
DISCUSSION
           To obtain mandamus relief in a criminal matter, the relator must establish that (1)
the act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. 
Dickens v. Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548
(Tex. Crim. App. 1987) (orig. proceeding).
           Chapter 64 of the Code of Criminal Procedure provides that a convicted person
may file in the convicting court a motion for forensic DNA testing of evidence containing
biological material. See Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2004-05). A convicted person is entitled to counsel during a proceeding for forensic DNA
testing. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004-05). “The
convicting court shall appoint counsel for the convicted person if the person informs the
court that the person wishes to submit a motion [for forensic DNA testing], the court
finds reasonable grounds for a motion to be filed, and the court determines that the person
is indigent.” Id.
           To establish that the trial court abused its discretion by failing to rule on a motion,
the Relator must show the trial court: (1) had a legal duty to perform a nondiscretionary
act, (2) was asked to perform the act, and (3) failed or refused to do so. In re Chavez, 62
S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding). A trial court is required
to consider and rule upon a motion within a reasonable time. In re Bonds, 57 S.W.3d
456, 457 (Tex. App.--San Antonio 2001, orig. proceeding). When a motion has been
properly filed and has been brought to the court’s attention, the act of giving
consideration to and ruling upon that motion is a ministerial act, and mandamus may issue
to compel the trial judge to act. See id.; see also In re Cash, 99 S.W.3d 286, 288 (Tex.
App.--Texarkana 2003, orig. proceeding) (conditionally granting writ of mandamus when
the trial court failed to rule on a motion for forensic DNA testing for five months).
           In Relator’s petition, he claims that he filed his request for appointment of counsel
on September 15, 2004, filed a motion to compel hearing and resolution on the request on
April 29, 2005, and sent an inquiry to the court on July 29, 2005. However, Relator’s
petition is the only document before this Court. Consequently, we have no record that
reflects the motions he alleges were filed, but not ruled upon. Therefore, we have no
record from which to determine whether the said motions were properly filed or ever
brought to the Respondent’s attention. See In re Chavez, 62 S.W.3d at 228 (filing the
matter with the district clerk was not sufficient to impute knowledge of the pending
pleading to the trial court such that it is made aware of it). Moreover, because Relator has
failed to provide a copy of his motion requesting appointment of counsel, we cannot
determine whether he presented the court with any basis for finding there were reasonable
grounds for the motion. See Tex. Code Crim. Proc. Ann. art. 64.01(c). Without such
evidence, we cannot determine whether the trial court abused its discretion by failing to
act or rule on Relator’s motions.
           Accordingly, we deny Relator’s petition for writ of mandamus.
 
                                                                  RICHARD BARAJAS, Chief Justice
October 27, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)