IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00241-CV

 

In re
Ivo Nabelek

 

 



Original Proceeding

 



MEMORANDUM  Opinion ON REHEARING



 

            Relator Ivo Nabelek seeks a writ of
mandamus, complaining that Respondent, the Honorable Kenneth H. Keeling, will
not rule on a motion that has been pending in the underlying action since May
2005.[1]  The
underlying action is a civil rights suit brought by Nabelek, a pro se state
prison inmate, against prison officials and employees concerning, at least in
part, property of Nabelek that was confiscated by the defendants.  In the
underlying suit, Nabelek filed a “Motion For a Court Order To Direct the
Defendants and TDCJ ID Not To Destroy Disciplinary Records and Other Evidence
and Property Items Pending Discovery and Disposition of This Suit.”  Nabelek has
made several requests for the trial court to rule on this motion.

We will grant mandamus relief if there has been an
abuse of discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A
trial judge has a reasonable time to perform the ministerial duty of
considering and ruling on a motion properly filed and before the judge.  In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding); In re Martinez Ramirez, 994 S.W.2d 682,
683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  Whether the judge has
acted within a “reasonable” period of time depends on the circumstances of the
case.  See, e.g., Martinez Ramirez, 994 S.W.2d at 684 (18
months too long for trial court not to have ruled on plaintiff-inmate’s motion
for default judgment).

The Attorney General, who represents the
defendants in the underlying action, notes that TDCJ is a state agency that is
subject to the records-retention provisions of the Government Code (Tex. Gov’t Code Ann. § 441.187(b)
(Vernon 2004)) and that this provision protects Nabelek’s records from
destruction because he has filed the underlying action (which was filed in
March 2005).  The Attorney General’s response further states that Nabelek’s “records
will not be destroyed.”

Nabelek asserts in his motion for rehearing that,
in addition to his disciplinary records, his pending motion in the trial court
seeks an order preventing the destruction of his property that was
confiscated.  In a response to the motion for rehearing, the Attorney General
maintains that the confiscated property was contraband—allegedly pornographic
drawings, including child pornography and graphic depictions of children.  Nabelek
denies that the drawings are pornography.  He describes them as art sketches
and drawings “of some nudity in bodies of humans of all ages.”

Nabelek asserts that the key issue in his suit is
whether he had a constitutional right to possess the drawings.  If they are
destroyed as contraband, per prison policies, Nabelek asserts that he will not
be able to prove that they are not contraband and that he had a constitutional
right to possess them—because they will no longer be available for judicial
review.

            We find In re Bonds, 57 S.W.3d
456 (Tex. App.—San Antonio 2001, orig. proceeding) particularly relevant and
instructive.  In that proceeding the relator, like Nabelek a pro se inmate,
sought and obtained mandamus relief because the trial court had not timely
ruled on his motion requesting the trial court to order that disciplinary
records and a tape not be destroyed.  Despite the real parties’ effort to
preserve the evidence, the court of appeals aptly noted that the relator had no
legal protection preventing the destruction of the tape in the absence of a
court order.  Id. at 457.  Accordingly, the trial court was ordered to
hear and rule on the request for a discovery order.

            The same result is warranted for Nabelek’s
disciplinary records and tapes, logs, and other records.[2] 
See id.  As for the drawings that appear to be the subject matter of the
underlying action, Nabelek is also entitled to a ruling on his motion for an
order not to destroy them.[3]  We
conditionally grant Nabelek’s petition for writ of mandamus.  The writ will
issue only upon certification to this court that Respondent has failed to rule
upon Nabelek’s motion within 21 days of the date of this opinion.  An agreed
order with regard to Nabelek’s motion will satisfy the ruling requirement.  See
id. at 458.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

(Chief Justice Gray dissents with a note:  For the
reasons expressed in my earlier dissenting opinion, I would deny the petition
for writ of mandamus.  In re Nabelek, 200 S.W.3d 364 (Tex. App.—Waco
2006) (C.J. Gray – Dissenting Opinion to Order Requesting a Response to a
Petition for Writ of Mandamus))

Petition
granted and writ conditionally issued

Opinion
delivered and filed February 7, 2007

[OT06]









[1]               We originally denied Nabelek’s
petition.  In re Nabelek, 2006 WL 2884912 (Tex. App.—Waco Oct. 11, 2006, orig. proceeding).





[2]               We disagree with the Attorney
General’s assertion that, if Nabelek’s documents are destroyed, a spoliation
instruction would provide an adequate remedy.

 





[3]               A party lacks an adequate remedy by
appeal when the trial court’s discovery error vitiates or severely compromises
the party’s ability to present a viable claim.  Walker v. Packer,
827 S.W.2d 833, 843 (Tex. 1994) (orig. proceeding).