COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-344-CV

 

KIM HACKLER AND STEVE HACKLER,                                   APPELLANTS

INDIVIDUALLY
AND AS NEXT FRIENDS 

FOR
CHRIS HACKLER, A MINOR

 

                                                   V.

 

NICHOLAS DEPINTO, INGRID DEPINTO,                                   APPELLEES

JOE
DEPINTO, TRAVIS WHEELER, KELLY 

WHEELER,
STEVE WHEELER, ASHLEY 

MCBRIDE,
JANE MCBRIDE, PAUL MCBRIDE, 

LAUREL
GLENN, KATHY GLENN, BILL 

GLENN,
JERRY HOLLINGSWORTH, AND 

KENNETH
ANDERSON

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants Kim Hackler and
Steve Hackler, individually and as next friends of Chris Hackler, a minor,
attempt to appeal from (1) the trial court=s February 7, 2007 order requiring Appellants to give security for
court costs and stating that if they failed to give security within twenty
days, their claims would be automatically dismissed; and (2) the trial court=s September 17, 2007 Astatement of lack of jurisdiction,@ in which the trial court declined to rule on various motions because
Appellant=s claims had
been automatically dismissed on February 27, 2007, after Appellants failed to
give security for costs as required by the February 7 order.








This court lacks jurisdiction
over the appeal because the February 7, 2007 order is not a final judgment
dismissing Appellants=
claims.  See Reese v. Piperi, 534
S.W.2d 329, 330 (Tex. 1976); Brown v. Vann, 167 S.W.3d 627, 630-31 (Tex.
App.CDallas 2005, no pet.) (both providing that trial court=s order must clearly indicate the intent to render judgment at the
time the order is entered rather than expressing an intention to rule in the
future).  The February 7 order does not
clearly indicate the intent to render a dismissal judgment at the time the
trial court rendered the order; rather, it expresses an intention to dismiss
the case in the future if Appellants failed to give security.  Therefore, the February 7 order is not a
final, appealable order.  Likewise, the
September 17 Astatement of
jurisdiction@ is not a
final, appealable order because it disposes of no claims and no parties.  Absent a final, appealable order disposing of
all parties and claims, this court lacks jurisdiction over the appeal.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex.
1985).

On October 17, 2007, we
notified the parties that we would dismiss this appeal for want of jurisdiction
unless any party who desired to continue the appeal filed a response showing
grounds for continuing the appeal.  See
Tex. R. App. P. 42.3(a),
44.3.  Appellants filed a response
stating that among the motions on which the trial court declined to rule on
September 17 was a dismissal motion, which if granted would have been final and
appealable.  But when a trial court
refuses to rule on a motion, the aggrieved party=s remedy is mandamus, not direct appeal.  See, e.g., In re Bonds, 57 S.W.3d 456,
457 (Tex. App.CSan Antonio
2001, orig. proceeding); see also Eli Lilly & Co. v. Marshall, 829
S.W.2d 157, 158 (Tex. 1992).

Therefore, we dismiss this
appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(a).

PER CURIAM

 

PANEL D:   GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  December 20, 2007

 











[1]See Tex. R. App. P. 47.4.