COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-344-CV

KIM HACKLER AND STEVE HACKLER, APPELLANTS

INDIVIDUALLY AND AS NEXT FRIENDS 

FOR CHRIS HACKLER, A MINOR

V.

NICHOLAS DEPINTO, INGRID DEPINTO, APPELLEES

JOE DEPINTO, TRAVIS WHEELER, KELLY 

WHEELER, STEVE WHEELER, ASHLEY 

MCBRIDE, JANE MCBRIDE, PAUL MCBRIDE, 

LAUREL GLENN, KATHY GLENN, BILL 

GLENN, JERRY HOLLINGSWORTH, AND 

KENNETH ANDERSON

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Kim Hackler and Steve Hackler, individually and as next friends of Chris Hackler, a minor, attempt to appeal from (1) the trial court’s February 7, 2007 order requiring Appellants to give security for court costs and stating that if they failed to give security within twenty days, their claims would be automatically dismissed; and (2) the trial court’s September 17, 2007 “statement of lack of jurisdiction,” in which the trial court declined to rule on various motions because Appellant’s claims had been automatically dismissed on February 27, 2007, after Appellants failed to give security for costs as required by the February 7 order.

This court lacks jurisdiction over the appeal because the February 7, 2007 order is not a final judgment dismissing Appellants’ claims.  
See Reese v. Piperi,
 534 S.W.2d 329, 330 (Tex. 1976); 
Brown v. Vann,
 167 S.W.3d 627, 630-31 (Tex. App.—Dallas 2005, no pet.) (both providing that trial court’s order must clearly indicate the intent to render judgment at the time the order is entered rather than expressing an intention to rule in the future).  The February 7 order does not clearly indicate the intent to render a dismissal judgment at the time the trial court rendered the order; rather, it expresses an intention to dismiss the case in the future if Appellants failed to give security.  Therefore, the February 7 order is not a final, appealable order.  Likewise, the September 17 “statement of jurisdiction” is not a final, appealable order because it disposes of no claims and no parties.  Absent a final, appealable order disposing of all parties and claims, this court lacks jurisdiction over the appeal.  
See Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001); 
Hinde v. Hinde
, 701 S.W.2d 637, 639 (Tex. 1985).

On October 17, 2007, we notified the parties that we would dismiss this appeal for want of jurisdiction unless any party who desired to continue the appeal filed a response showing grounds for continuing the appeal.  
See 
Tex. R. App. P.
 42.3(a), 44.3.  Appellants filed a response stating that among the motions on which the trial court declined to rule on September 17 was a dismissal motion, which if granted would have been final and appealable.  But when a trial court refuses to rule on a motion, the aggrieved party’s remedy is mandamus, not direct appeal.  
See, e.g., 
In re Bonds
, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); 
see also Eli Lilly & Co. v. Marshall
, 829 S.W.2d 157, 158 (Tex. 1992)
.

Therefore, we dismiss this appeal for want of jurisdiction.  
See 
Tex. R. App. P.
 43.2(a).

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  December 20, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.