Petition for Writ of Mandamus Denied and Memorandum Opinion filed April
2, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00210-CR

NO. 14-09-00211-CR

____________

 

IN RE ERICA HAYWOOD, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator Erica Haywood filed a petition for writ of mandamus in this
Court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52. 
In the petition, relator asks this court to compel the presiding judge of the
208th District Court of Harris County to grant a jury trial in her pending
criminal cases, appoint her new counsel, appoint a private investigator,
dismiss the cases with prejudice, invalidate the indictments, allow her access
to the evidence and grand jury records, and allow her access to mental health
services.








The
Texas Court of Criminal Appeals has consistently held that mandamus relief is
available only when the relator can establish the following: (1) under the
relevant law and facts, she has a clear right to the relief sought, i.e., the
act she seeks to compel is Aministerial;@ and (2) no other adequate remedy at law is available.  State
ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927
(Tex. Crim. App. 2001).  An act is ministerial if the law clearly spells out
the duty to be performed with such certainty that nothing is left to the
exercise of discretion or judgment.  Tex. Dep=t of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981).

Relator
has the burden of providing this Court with a record sufficient to establish
her right to mandamus relief.  See Tex. R. App. P. 52.7(a) (requiring
relator to file a certified or sworn copy of every document that is material to
the relator=s claim for relief);  see also Tex. R. App. P. 52.3(k)(l)(A);  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).  While a trial court must
consider and rule on a properly filed motion brought to the court=s attention within a reasonable
amount of time, see In re Bonds, 57 S.W.3d 456, 457 (Tex. App.CSan Antonio 2001, orig. proceeding),
relator must establish that the trial court has failed to do so. 

Here,
relator has not provided this Court with a sworn or file-stamped copy of any motions
filed with the trial court or any other documents to support her claim for
relief.  Nor has relator established that the trial court has been made aware
of any motions or has expressly refused to rule on them.  See In re
Marshall, No. 14‑08‑00745‑CV, 2008 WL 3931397 (Tex. App.CHouston [14th Dist.] Aug. 21, 2008,
orig. proceeding) (mem. op.).

Relator has not established her entitlement to
extraordinary relief..  Accordingly, we deny relator=s petition for writ of mandamus.

 

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.