OPINION

 

No. 04-10-00800-CR

                                                                            

IN RE Refugio MAREZ

 

Original Mandamus
Proceeding[1]

 

Opinion by:   Karen Angelini,
Justice

 

Sitting:          Karen Angelini,
Justice

                     Phylis J.
Speedlin, Justice

                     Rebecca
Simmons, Justice

                                

Delivered and
Filed:  February 2, 2011

 

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

 

 On November 3, 2010, relator Refugio Marez filed a petition for writ of mandamus. 
This court requested a response from the real party in interest and/or the
respondent.  We have reviewed the petition and real party in interest’s
response, and have concluded the writ should be conditionally granted in part.

Relator
complains he filed a “Motion for Entry of Nunc Pro Tunc Judgment” in the trial
court three years ago and has written to the trial judge on two occasions. 
However, the trial court has still failed to rule on his motion.  Relator
contends the trial court has a ministerial duty to rule on a properly filed
motion that has been brought to the trial court’s attention.  However, relator
asks this court to issue a writ by ordering the trial court to grant the motion
and reduce relator’s sentence to twenty years.  In its response filed with this
court, real party in interest contends that because a nunc pro tunc judgment in
this case is inappropriate, the petition for writ of mandamus should be
denied.  

To
the extent relator’s petition seeks to order the trial court to grant the nunc
pro tunc, we conclude such relief is not appropriate.  “Although the court may
be compelled to consider a motion, mandamus . . . is not available to require
that the judge rule a certain way on that motion.”  State ex rel. Curry v.
Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  Therefore, relator’s
request that we order the trial court to grant the motion is denied.  

However,
when a properly filed motion is pending before a trial court, the act of giving
consideration to and ruling upon that motion is ministerial, and mandamus may
issue to compel the trial judge to act.  Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also
Gray, 726 S.W.2d at 128.  A trial court is required to consider and rule
upon a properly filed motion within a reasonable time.  Garcia, 945
S.W.2d at 269; In re Bonds, 57 S.W.3d 456, 457 (Tex. App.—San Antonio
2001, orig. proceeding).  

The
record before this court indicates the motion complained of was filed in the
trial court on October 15, 2007.  In its response, real party in interest
acknowledges the trial court has not ruled on the motion.[2]  We conclude the motion has been
pending for an unreasonable amount of time and the trial court has failed to
comply with its ministerial duty to rule on the properly filed motion. 
Therefore, mandamus relief is granted to compel the trial court to rule on the
motion.    

CONCLUSION

As
a result of the foregoing, the petition for writ of mandamus is conditionally
GRANTED IN PART.  The writ will issue only if the trial court fails to rule on
the “Motion for Entry of Nunc Pro Tunc Judgment” within fourteen days.

Karen Angelini,
Justice








 

 

 

PUBLISH

 

 









[1] This proceeding arises out of Cause
No. 96-0055-CR, in the 274th Judicial District Court, Guadalupe County, Texas,
the Honorable Gary L. Steel presiding.  

 





[2]  Real party in interest fails to
directly respond to relator’s assertion that the trial court has a ministerial
duty to rule on a properly filed motion brought to the trial court’s
attention.  Instead, real party in interest contends relator’s petition
contains several procedural defects, and, therefore, should be denied.  We have
reviewed these alleged defects and conclude they do not alter the disposition
of the case.