COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: EUGENIO L. RODRIGUEZ, | § | No. 08-11-00009-CR |
| | § | |
| | | AN ORIGINAL PROCEEDING |
| Relator. | § | |
| | | IN MANDAMUS |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS</u>**

Eugenio L. Rodriguez seeks a writ of mandamus to compel the trial court to rule on his motions for forensic DNA testing and appointment of counsel. For the reasons that follow, the petition for a writ of mandamus will be denied.

To obtain mandamus relief, Relator must establish that the act sought to be compelled is ministerial and that he has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). A trial court is required to rule on a motion within a reasonable time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex.App.--San Antonio 2001, orig. proceeding). When a motion has been properly filed and brought to the court's attention, the act of ruling on the motion is a ministerial act. *See id.*

Since 2003, Relator has been filing mandamus petitions and appeals related to his desire for DNA testing. *See, e.g., Rodriguez v. State*, No. 08-07-00248-CR, 2009 WL 3152471 (Tex.App.--El Paso Sept. 30, 2009, pet. dism'd untimely filed)(not designated for publication); *In re Rodriguez*, No. 08-08-00351-CR, 2009 WL 132109 (Tex.App.--El Paso Jan. 15, 2009, orig. proceeding)(not designated for publication); *In re Rodriguez*, No. 08-06-00334-CR, 2007 WL 687648 (Tex.App.--El

Paso Mar. 8, 2007, orig. proceeding)(not designated for publication); *Rodriguez v. State*, No. 08-04-00178-CR, 2005 WL 2313637 (Tex.App.--El Paso Sept. 22, 2005, no pet.)(not designated for publication); *In re Rodriguez*, No. 08-03-00499-CR, 2004 WL 516698 (Tex.App.--El Paso Mar. 17, 2004, orig. proceeding)(not designated for publication); *In re Rodriguez*, No. 08-03-00063-CR, 2003 WL 21419588 (Tex.App.--El Paso June 19, 2003, orig. proceeding)(not designated for publication).

After his court-appointed counsel filed an *Anders* brief, we affirmed the denial of the first motion for DNA testing. *See Rodriguez*, 2005 WL 2313637, at *1; *see also Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). In September 2009, we affirmed the trial court's denial of another motion. *See Rodriguez*, 2009 WL 3152471, at *3.

In affirming the trial court's denial of Relator's last motion for DNA testing, we quoted from the trial court's order, which stated that Relator had filed at least three previous motions for DNA testing, each of which was denied after the appointment of counsel and a hearing. *Id.* at *1. The trial court concluded that Relator had "received ample review of his DNA testing claim." *Id.* We upheld the trial court's ruling because Relator's motion failed to satisfy the applicable statutory requirements. *Id.* at *2. We noted that the motion did not specify whether the items were available and in the State's possession at the time of trial, whether they were subjected to DNA testing as a result of a previous motion, whether Relator was at fault in not subjecting the items to DNA testing at the time of trial, and how testing the items would demonstrate his innocence by a preponderance of the evidence. *Id.*; *see* TEX.CODE CRIM.PROC.ANN. art. 64.01, 64.03 (West Supp. 2010). Moreover, the motion did not even identify the items to be tested. Only in his brief to this Court did Relator identify "'a half eaten hot dog and a Texsun juice can' as items which could contain testable biological material." *Rodriguez*, 2009 WL 3152471, at *2.

In his latest mandamus petition, Relator states that he requested DNA testing of "'a half

eaten hot dog' and a 'texsun juice can,' and/or any other evidence in storage containing biological material that can be tested for DNA and which will exon[e]rate this relator." The petition has the following exhibits: (1) a letter to the district clerk with a "Received" stamp of May 17, 2010, stating that motions for DNA testing and for counsel were enclosed; (2) a "Request for Forensic DNA Testing" and "Defendant's Request [for] Appointment of Counsel," both containing Relator's original signature; and (3) copies of letters to the district clerk dated September 3, 2010, October 1, 2010, November 8, 2010, and December 6, 2010, seeking information about the status of his motions.

As with the motion addressed in Relator's last appeal, the motion for DNA testing attached to Relator's mandamus petition does not identify the items to be tested; these items are only identified in the mandamus petition. The motion asks for DNA testing of all the evidence related to this case in the property rooms of the Andrews County Sheriff's Department "and the D.P.S. in Midland." The motion does not indicate that this same evidence was not the subject of Relator's previous motions, nor does it indicate any new reasons as to why the evidence should be tested. *See In re Rodriguez*, 2007 WL 687648, at *2 (holding that we could not determine whether the trial court abused its discretion in failing to rule on one of the previous motions because Relator had not demonstrated that he presented the court with any basis for finding there were reasonable grounds for the motion).

Furthermore, Relator has not demonstrated that he requested a ruling from the trial judge. All of his letters were addressed to the clerk of court, not to the trial judge, and his follow-up letters did not ask the clerk to bring the matter to the trial judge's attention. The clerk's knowledge cannot be imputed to the judge. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding); *see also In re Rodriguez*, 2007 WL 687648, at *1 (indicating that judge's refusal to rule

on a motion is not correctable by mandamus unless the relator asked the judge to rule).

The petition for a writ of mandamus is denied.


February 28, 2011

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)