

## NUMBER 13-16-00262-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE JASON OMAR MORENO

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, Jason Omar Moreno, proceeding pro se, filed a petition for writ of mandamus in the above cause on May 10, 2016, asking this Court to compel the trial court to conduct a hearing on relator's motion for post-conviction DNA testing and motion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

for the appointment of counsel. Relator also contends that the trial court should issue a ruling on his motion with findings of fact and conclusions of law.[2]

To be entitled to mandamus relief, a relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Chapter 64 of the Code of Criminal Procedure provides that a convicted person may file in the trial court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. *See* TEX. CODE CRIM. PROC. ANN.

---

[2] This original proceeding arises from trial court cause number CR-2486-94-A in the 92nd District Court of Hidalgo County. Relator's conviction in that cause has already been addressed by direct appeal. *See Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.—Corpus Christi 1999, pet. ref'd).

art. 64.01(a-1) (West, Westlaw through 2015 R.S.). A person is entitled to counsel during a proceeding for forensic DNA testing. *Id.* art. 64.01(c). Moreover, a trial court is required to consider and rule on a motion within a reasonable time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). When a motion is filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus will issue to compel the trial judge to act. *See id.*

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that the relator has not met his burden to obtain relief. The petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure because relator has not included any supporting documentation in the form of an appendix or record. *See generally* TEX. R. APP. P. 52.3(k), 52.7(a). Without an appropriate record, relator has not met his burden to establish that he has complied with the requirements of article 64.01, or that the respondent expressly refused to rule on relator's motion, or that an unreasonable amount of time has passed since the motion was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Apps.*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Accordingly, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and the
13th day of May, 2016.

3