

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00767-CR

**IN RE** John C. **DOMINGUEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 31, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

On April 2, 2018, relator filed a petition for writ of mandamus complaining of the trial court's failure to rule on his pending motions to compel his trial attorney to surrender his case file. On April 11, 2018, this court issued an opinion denying relator's petition because he did not provide this court with a file-stamped copy of his motions or a copy of any documents showing the motions were pending before the trial court. *In re Dominguez*, 04-18-00202-CR, 2018 WL 1733108, at *1 (Tex. App.—San Antonio Apr. 11, 2018, orig. proceeding) (mem. op., not designated for publication). On June 28, 2018, relator filed a second petition for writ of mandamus raising the same complaint. Relator attached copies a copy of a document from the Bexar County District Clerk's Office informing relator about the cost to obtain copies of the following

---

[1] This proceeding arises out of Cause No. 2013-CR-03592, styled *The State of Texas v. John Dominguez*, pending in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

documents: (1) a motion to compel attorney to surrender case file that was file-stamped January 2, 2018, and (2) a motion to compel attorney to surrender case file that was file-stamped June 30, 2016. This court again denied the petition on the ground that "[e]ven if this document was sufficient to demonstrate the motions were filed with the Bexar County Clerk, filing a document with the district clerk does not impute the clerk's knowledge of the filing to the trial court." *In re Dominguez*, 04-18-00434-CR, 2018 WL 3369921, at *1 (Tex. App.—San Antonio July 11, 2018, orig. proceeding) (mem. op., not designated for publication) (citing *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding)).[2]

On October 22, 2018, relator filed the present mandamus proceeding raising the same complaint. Relator attached a file-stamped copy of his January 2, 2018 "Motion to Compel Attorney to Surrender the Case File." In this motion, relator asks the trial court to compel his trial counsel, Mr. James Summer Wheat, to surrender to relator's case file. Relator contends he needs the file to file post-conviction proceedings.

A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Relator has established he properly filed his motion almost ten months ago and the trial court has not ruled on his motion. However, the mandamus record does not contain copies of any

---

[2] On June 13, 2018, prior to the second petition for writ of mandamus, this court issued an opinion affirming realtor's underlying criminal conviction. *Dominguez v. State*, 04-17-00115-CR, 2018 WL 2943945 (Tex. App.—San Antonio June 13, 2018, no pet.) (mem. op., not designated for publication).

letters sent to the trial court or the appropriate court coordinator asking that the trial court rule on his pending motion. Relator must show that the matter was brought to the attention of the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding);[3] *see also In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding) (conditionally granting petition for writ of mandamus where record reflected relator filed motion and called motion to court's attention by letter). "Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Id.* Because relator has not demonstrated the trial court is aware of his pending motion, we must again deny his petition.

PER CURIAM

Do not publish

---

[3] In *Hearn*, relator filed two petitions raising a failure to rule complaint. A panel of this court denied the first petition because relator did not provide a sufficient record. This court conditionally granted the second petition in part because relator attempted to comply with our directive to bring his motions to the trial court's attention. This court noted that its "opinion in the prior mandamus action would also have brought the motions and [relator's] request for ruling to the attention of the trial court." *Hearn*, 137 S.W.3d at 686.