**In Re Calvin Ray CASH.**

No. 06–02–00191–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 3, 2003.

Decided Feb. 4, 2003.

Calvin Ray Cash, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice ROSS.

Calvin Ray Cash filed a petition for writ of mandamus with this Court December 30, 2002. In the petition, Cash asks us to direct the respondent, the Honorable Robert E. Newsom, Judge of the 8th Judicial District Court of Hopkins County, Texas, to set a date for ruling on Cash's motion for DNA (deoxyribonucleic acid) testing under Chapter 64 of the Texas Code of Criminal Procedure. On January 7, 2003, we requested the respondent to file a response to Cash's petition. The response was to have been submitted by January 17, 2003. As of the date of this opinion, the respondent has not filed a response.

Cash's petition indicates he is currently imprisoned in the Institutional Division of the Texas Department of Criminal Justice for three felony convictions from Hopkins County. The petition also states that Cash has filed a motion for DNA testing, but that as of December 30, 2002, the trial court has not formally ruled on the motion.

Our power to issue writs of mandamus is not of constitutional origin, but is instead a creature of statute. *A & T Consultants, Inc. v. Sharp,* 904 S.W.2d 668, 685 (Tex.1995) (Hecht, J., dissenting). Section 22.221(a), (b) of the Texas Government Code governs our jurisdiction to grant mandamus relief:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

(1) judge of a district or county court in the court of appeals district; or

(2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon Supp.2003). Cash's petition seeks relief against a district court judge. Accordingly, we have jurisdiction to consider the merits of his petition.

■ To be entitled to mandamus relief, the relator must demonstrate (1) that no other adequate remedy at law exists, and (2) that under the law and facts relevant to the case, the act sought to be compelled is purely ministerial. *In re Rodriguez*, 77 S.W.3d 459, 460 (Tex.App.-Corpus Christi 2002, orig. proceeding). "An act is ministerial if it does not involve the exercise of any discretion." *Id.* (quoting *State ex rel. Hill v. Court of Appeals Fifth Dist.*, 34 S.W.3d 924, 927 (Tex.Crim. App.2001)). It must also be "clear and indisputable" that the relator has an absolute right to relief sought. *Id.* at 461. A ministerial act is one that, according to law, must be performed with such certainty it does not require the exercise of judicial discretion. *Id.* If the law in question is new or unsettled, a trial court's ruling on even a pure question of law may not be the proper subject of writ review. *Id.*

■ A trial court must consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex.App.-San Antonio 2001, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *In re Dimas*, 88 S.W.3d 349, 351 (Tex.App.-San Antonio 2002, orig. proceeding). To establish that the trial court abused its discretion by failing to rule on a motion, the relator must show the trial court "(1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so." *Id.* (citing *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding)).

■ In the instant matter, the record before us suggests the trial court has not acted on Cash's motion in the almost five months since it was filed. This failure to act constitutes an abuse of discretion because the trial court has a ministerial duty to enter a ruling within a reasonable time. For this reason, we conditionally grant the petition for writ of mandamus.

First, if the relator has filed a request for appointment of counsel, we order the respondent to determine whether the relator is indigent and, if the relator is indigent, to immediately appoint counsel for the relator. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2003). Second, we direct the respondent to rule on the relator's motion for DNA testing. We are confident the respondent will comply promptly. The writ will issue only if the respondent fails to comply with this opinion.