COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )             
No.  08-03-00196-CV

                                                                              )

IN RE: ANTONIO SEPEDA                                )     AN ORIGINAL PROCEEDING

                                                                              )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION ON WRIT OF MANDAMUS

 

Prisoner Antonio
Sepeda (ARelator@) seeks a writ of mandamus compelling
the trial court to rule on his motion to enforce a judgment.  For the reasons that follow, we deny the
petition.

To obtain a writ
of mandamus, a relator must provide this Court with Aa
certified or sworn copy of any order complained of, or any other document
showing the matter complained of.@  Tex.R.App.P.
52.3(j)(1)(A).  Prisoners may comply with
this requirement by declaring under penalty of perjury that the documents are
true copies.  See Tex.Civ.Prac.&Rem.Code Ann. ' 132.001(a)(Vernon 1997); In re
Taylor, 28 S.W.3d 240, 245 (Tex. App.--Waco 2000, orig. proceeding).

 








Relator has
provided this Court with copies of several documents and he has declared that
they are true copies in accordance with Section 132.001(a) of the Civil
Practice and Remedies Code.  The
documents are:  (1) a letter to the
district court administrator requesting the status of a writ of garnishment;
(2) a letter to the district clerk informing her of the address to which the
writ of garnishment should be mailed; (3) a letter to Relator from the Tarrant
County Courts at Law Supervisor, informing Relator that Tarrant County does not
have jurisdiction to issue a writ of garnishment in this case; (4) a motion for
a bill of discovery filed under Texas Rule of Civil Procedure 737; (5) a letter
to the district clerk seeking the price for copies of certain documents in his
case file; and (6) a letter to Relator from an attorney declining to take his
case.

Relator has not,
however, provided a copy of the motion to enforce the judgment.  He declares under penalty of perjury that his
copy of that motion was lost in an Ainstitutional
lockdown@ and
requests that we accept his declaration that the motion was filed.  Relator=s
declaration does not include the title of the motion or the date it was filed
with the trial court.  

Mandamus will only
lie to correct a clear abuse of discretion when there is no adequate remedy at
law.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992)(orig. proceeding). 
To establish that the trial court abused its discretion by failing to
rule on a motion, the relator must show that the trial court:  (1) had a legal duty to perform a
nondiscretionary act; (2) was asked to perform the act; and (3) failed or
refused to do so.  In re Cash, 99
S.W.3d 286, 288 (Tex.App.--Texarkana 2003, orig. proceeding).  Because Relator has not provided us with a
copy of the motion to enforce or with the date the motion was filed, we are
simply unable to determine that the trial court has abused its discretion by
failing to rule on the motion.








We therefore deny
the petition for writ of mandamus.  This
ruling does not preclude Relator from filing another motion to enforce the
judgment in the trial court.

 

 

May
29, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.