6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00106-CV


______________________________





IN RE: LEVON DENMARK









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Levon Denmark has filed a petition for writ of mandamus. In that petition, he asks this Court
to direct a trial court to respond to his motion for DNA testing filed pursuant to Tex. Code Crim.
Proc. Ann. arts. 64.03-.05 (Vernon Supp. 2003). Mandamus issues only when the mandamus
record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2)
the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994);
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). 

 This Court has recently acknowledged that a trial court must consider and rule on a motion
brought to the court's attention within a reasonable amount of time. In re Cash, 99 S.W.3d 286, 288
(Tex. App.-Texarkana 2003, orig. proceeding); In re Bonds, 57 S.W.3d 456, 457 (Tex. App.-San
Antonio 2001, orig. proceeding). This includes rulings on motions for DNA testing and the
appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas
Code of Criminal Procedure. Cash, 99 S.W.3d at 288; In re Dimas, 88 S.W.3d 349, 351 (Tex.
App.-San Antonio 2002, orig. proceeding). 

 However, in this petition, Denmark has not provided this Court with any information
identifying the court about which he complains or copies of any motion filed or any correspondence
with the trial court. His petition does not even specify the date on which he claims to have filed a
motion with the trial court or the contents of any such motion. Thus, Denmark has not provided the
information necessary to allow this Court to rule on his petition and thus has not shown himself
entitled to relief. See Tex. R. App. P. 52.3.

 We deny the petition.



 Jack Carter

 Justice


Date Submitted: September 2, 2003

Date Decided: September 3, 2003



xception Locked="false" Priority="59" SemiHidden="false"
 UnhideWhenUsed="false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00033-CV

                                                ______________________________

 

 

                                        SALLY BROOKINS,
Appellant

 

                                                                V.

 

                                     JAMES DAVID COPPA, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 75106

 

                                                           
                                       

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            James David Coppa purchased a home from Sally Brookins
for a total purchase price of $43,000.00. 
Brookins indicated she would need $14,000 in order to pay off the first
lien on the property held by CitiFinancial prior to the sale.  Coppa paid her a $14,000.00 down payment,
believing that Brookins would pay off the first lien.  He executed a deed of trust and real estate
lien note for the remaining principal amount of $29,000.00 at zero percent
interest, to be paid in monthly installments of $800.00.  In return, Brookins provided a warranty deed
with vendors lien conveying the property in fee simple, which was recorded in
the real property records.           Subsequently, Coppa learned that while
Brookins accepted the $14,000.00, she failed to pay off the CitiFinancial
lien.  Thereafter, Coppa alleged Brookins
began dropping by at odd hours and requesting that Mr. Coppa pay rent on the
spot, rifling through Mr. Coppas mail; . . . requesting
copies of the insurance policy on the property after Mr. Coppa had already
provided the same; . . . harassing [Coppas] roommates to the point that they
moved out; turning off Mr. Coppas gas utilities; and claiming that the Deed
provided at the closing was fake and threatening to take the property back
from Mr. Coppa.  Coppa filed suit for
breach of contract, violation of the Deceptive Trade Practices Act, fraud in a
real estate transaction, common law fraud, and negligent
misrepresentation.  He also sought, and
was granted, an order allowing him to pay the monthly $800.00 obligation into
the registry of the court.  Following a
trial to the bench, the trial court entered a final judgment in favor of Coppa
allowing him to recover the $14,000.00 paid to Brookins along with
post-judgment interest, costs of court, and attorneys fees. 

The court also ordered the funds deposited in the courts registry,
totaling $2,400.00, to be released back to Coppa.[1]

            On appeal,
Brookins complains[2] that the trial
court erred in failing to admit certain documents and argues that the trial
courts judgment awarding Coppa $14,000.00 was erroneous.  Because we find that Brookins failed to
preserve error regarding admission of certain documents, and that sufficient
evidence supports the courts judgment, we affirm the judgment entered by the
trial court. 

I.         Brookins Complaint Regarding Exclusion of
Documents Was Not Preserved

 

            The trial
court allowed Brookins to testify and present evidence at trial.  In her brief, Brookins claims that I dont
see how a Judge could just rule in [Coppas] favor without even trying to look
at my documents and paperwork.  We
interpret this as a complaint about the following exchange which occurred
during Brookins pro se cross-examination of Coppa:

Q.        [By
Brookins]:  It wasnt 23.  It was 43, with the agreement that you pay
Citi Financial, once you paid that off.  

 

A.        No,
maam. 

 

Q.        Yes, sir.  And I have a letter up here from Mr. Steve
Shipp, which I paid 

$3,000.00 to represent me, until some
things went wrong.  And it saysits aI
told you at the time that Mr. 

            MR.
MILKS:  Your Honor, Im going to object. 

 

            THE
COURT:  All right.  Its hearsay. 

 

            MR.
MILKS:  Introduce 

 

            MS.
BROOKINS:  This aint hearsay. 

 

            THE
COURT:  Its hearsay.  Its an out of court statement by the
attorney.

 

            MS.
BROOKINS:  Huh?

 

            THE
COURT:  Its an out of court statement by
the attorney. 

 

            MS.
BROOKINS:  Its what?

 

            THE
COURT:  Its an out of court
statement.  Go to the next question.  Do you have a question of the witness?

 

            MS.
BROOKINS:  So none of my papers 

 

            THE
COURT:  Do you have a question of the
witness?

 

            MS.
BROOKINS:  No. 

 

Brookins did not attempt to offer any documentary evidence
after this point in the trial.  Even if
we were to consider this exchange to constitute the offer of an exhibit, which
we do not, and assume that the trial court excluded the attorneys letter, we
could not reach Brookins complaint. 
Error may not be predicated upon a ruling which excludes evidence unless
a substantial right of the party is affected and the substance of the evidence
was made known to the court by offer, or was apparent from the context within
which questions were asked.  Tex. R. Evid. 103(a)(2); Alexander Shren-Yee Cheng v. Zhaoya Wang,
315 S.W.3d 668, 67273 (Tex. App.Dallas 2010, no pet.); In re N.R.C., 94 S.W.3d 799, 806 (Tex. App.Houston [14th Dist.]
2002, pet. denied).  By failing to make
an offer of proof, Brookins failed to preserve this issue for our review. 

            We overrule
Brookins first point of error. 

 

II.       Sufficient Evidence Supports the Trial
Courts Judgment

 

            A.       Standard
of Review

 

            In
conducting a legal sufficiency review, we view the evidence in a light most
favorable to the judgment, and will indulge every reasonable inference that
supports it to determine whether the evidence at trial would enable [a]
reasonable and fair-minded [judge] to reach the [finding] under review.  City of
Keller v. Wilson, 168 S.W.3d 802, 822, 827 (Tex. 2005); Walker & Assoc. Surveying, Inc. v.
Austin, 301 S.W.3d 909, 916 n.4 (Tex. App.Texarkana 2009, no pet.).  We credit favorable evidence if a reasonable
trial judge could, and disregard contrary evidence unless a reasonable judge
could not.  Wilson, 168 S.W.3d at 822, 827; Austin,
301 S.W.3d at 916 n.4.

            In
contrast, when conducting a factual sufficiency review, we consider all the
evidence in the record, both supporting and conflicting, and will set aside the
verdict only if it is so contrary to the overwhelming weight and preponderance
of the evidence that it is clearly wrong and manifestly unjust.  Walker,
301 S.W.3d at 916 n.4; Plas-Tex, Inc. v.
U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989) (citing Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986)).  In an appeal from a
bench trial, we do not invade the fact-finding role of the trial court, which
alone determines the credibility of the witnesses, the weight to give their
testimony, and whether to accept or reject all or any part of that testimony if
the evidence falls within the zone of reasonable disagreement.  Nordstrom
v. Nordstrom, 965 S.W.2d 575, 58081 (Tex. App.Houston [1st Dist.]
1997, pet. denied).

            B.        Trial Testimony 

 

            Brookins
brief complains that while Coppa claims that the 14,000.00 that he paid was to
pay the loan off at City [sic] Financial it is no where in writing that this
was the case.    

            An
important written document was the general warranty deed Brookins provided to
Coppa which did not except or exclude a first lien on the property.  Coppa testified at trial, I had
offeredoriginally offered her $5,000.00 as a down payment and she had told me
that she needed at least thirteen eight or 14,000 to pay the house off. . . . We
determined that I would pay her $14,000.00 and she would pay off the mortgage
on the loan.  He believed that the total
purchase price for the house was $43,000.00, which was comprised of $14,000.00
to pay off the CitiFinancial lien, plus the $29,000.00 note.[3]  A receipt in evidence demonstrates Coppa
tendered a payment of $7,000.00 to Brookins as 1/2 Down Payment.  The remaining balance owed to CitiFinancial
was approximately 12,800 to 13,200, somewhere.  The evidence contained a disclosure statement
note and security agreement from CitiFinancial demonstrating that the balance
owed was $13,390.15 one year prior to the sale of the home and that the monthly
payments which were made by Brookins totaled $158.47.  Coppa claimed he would have to pay the
balance on the CitiFinancial loan to prevent foreclosure of the property.[4]


            Brookins
testified that she accepted the $14,000.00 from Coppa as a down payment so that
she could find another place to live and pay off different debts.  Brookins was given the opportunity to speak
to the court, but relayed no other substantive information. 

            Viewing
the evidence in a light most favorable to the judgment, the trial court, as fact-finder,
could have believed Coppas testimony that he agreed to pay $14,000.00 to
Brookins as a down payment on the home in consideration for her agreement to
use the money to pay off the first lien held by CitiFinancial.  The general warranty deed executed by
Brookins warranted that there was no other lien on the property (in other words
that, out of closing, the first lien would be paid off).  Brookins contrary testimony amounted to
claims denying any representation that she would pay off the first lien and an
averment that she told Coppa she needed the money to find a new place to live
and pay off other debts.  The trial court
resolved any factual dispute.  Because
the trial court found that the down payment was to be used to pay the first
lien, which Brookins did not do, we cannot say that the return of the down
payment to Coppa (presumably to pay off the first lien) was so contrary to the
overwhelming weight and preponderance of the evidence that it was clearly wrong
and manifestly unjust.  Because we find
the evidence legally and factually sufficient to support the judgment of the
trial court finding that Brookins breached a contract to apply the down payment
to the first lien, the trial court judgment in returning the $14,000.00 to
Coppa was not erroneous.  

            We overrule Brookins last point of error. 

 

III.      Conclusion 

 

            We affirm the trial courts
judgment. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
6, 2011

Date Decided:             July
29, 2011











[1]Brookins
brief does not challenge the portion of the judgment awarding attorneys fees,
post-judgment interest, costs of court, or the relinquishment of $2,400.00 to
Coppa, which could have been considered as a payment designed to apply to the
fees assessed in the final judgment. 

 





[2]Brookins
pro se brief also complains that [s]omehow [Coppa] got the Judge to put my
monthly payment into court registry.  To
the extent this statement can be interpreted as a complaint that the trial
court erred in this ruling, we find that it was not raised to the trial court
below.  Therefore, this issue was not
preserved for our review.  See Tex. R. App. P. 33.1.





[3]At
the time of trial, Coppa had paid Brookins $9,600.00 under the terms of the
note, and an additional $2,400.00 had been paid into the registry of the court.


 





[4]Coppa
also testified that Brookins (1) sent him a foreclosure notice for [f]ailure
to show proof of insurance, although he had provided such proof earlier; (2)
had shut off his gas utility by calling the gas provider and reporting an
emergency gas leak; (3) averred to the gas company that she was the owner of
the property and that Coppa was a renter in default; (4) forced two subtenants
paying Coppa rent at a rate of $450.00 to move out early by coming by and
knocking on the door, asking for money and completely badgering them; and (5)
failed to pay her portion of the property taxes ($190.66 for the months when
Brookins occupied the property) for the year in which the property was
purchased.  Coppa claimed that while the
total purchase price for the home was $43,000.00, he had suffered total
economic damages in the amount of $44,590.66, comprised of the $14,000.00 down
payment, $9,600.00 which had been paid to Brookins, $2,400.00 into the courts
registry, $190.66 in property taxes, $5,400.00 in lost rent for the subtenants
who were forced to move out, and $13,000.00 for the balance on the CitiFinancial
lien.