In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00077-CR
______________________________


JAMES AUBRY SPRUCE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 11045


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          In December 2004, James Aubry Spruce requested the trial court appoint him legal
representation for the purpose of pursuing an application for post-conviction DNA testing.


 
The trial court denied Spruce's request. Spruce appeals, contending a trial court may not
deny an indigent's request for appointment of counsel for the purpose of post-conviction
DNA testing. In a second point of error, Spruce contends the district clerk abused her
authority in failing to file certain documents with the trial court. We overrule both
contentions and affirm the trial court's judgment.
I. Denial of Appointment of Counsel
          Previous court decisions by courts of this state have stated the trial court must
appoint counsel for the purpose of applying for post-conviction DNA testing if (1) the
convicted person informs the trial court that he or she wishes to submit a motion for testing
under Chapter 64, and (2) "the court determines that the person is indigent." See, e.g.,
Winters v. Presiding Judge of Criminal Dist. Court Number Three of Tarrant County, 118
S.W.3d 773, 775 (Tex. Crim. App. 2003) (wording of statute leaves trial court no discretion,
even if record is clear no biological material exists in case); In re Cash, 99 S.W.3d 286
(Tex. App.—Texarkana 2003, orig. proceeding); Gray v. State, 69 S.W.3d 835, 837 (Tex.
App.—Waco 2002, no pet.). 
          At the time the Texas Court of Criminal Appeals decided Winters, this Court decided
Cash, and the Waco court decided Gray, Chapter 64.01(c) read,
A convicted person is entitled to counsel during a proceeding under this
chapter. If a convicted person informs the convicting court that the person
wishes to submit a motion under this chapter and if the court determines that
the person is indigent, the court shall appoint counsel for the person.
 
Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, Tex. Gen. Laws 2, 3. But in 2003 the Texas
Legislature amended Article 64.01(c). As amended, the statute now reads,
A convicted person is entitled to counsel during a proceeding under this
chapter. The convicting court shall appoint counsel for the convicted person
if the person informs the court that the person wishes to submit a motion
under this chapter, the court finds reasonable grounds for a motion to be
filed, and the court determines that the person is indigent.
 
Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004–2005) (emphasis added). 
The Legislature's change "applies only to a convicted person who on or after [September 1,
2003,] submits a motion for forensic DNA testing of evidence under Article 64.01 . . . ." Act
of Apr. 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 16, 17.
          The entirety of Spruce's request for appointment of counsel for post-conviction DNA
testing (filed more than a year after the 2003 effective date of the amendment to Chapter
64) stated,
COMES NOW, James Aubry Spruce, Defendant pro-se, TDC # 325097, and
request [sic] appointment of counsel to assist him in obtaining an order for
DNA testing from the Court pursuant to Article 64.01(c), CODE OF
CRIMINAL PROCEDURE, enacted as Senate Bill 3, effective April 5, 2001. 
Defendant wishes to submit a motion pursuant to Chapter 64 requesting
DNA testing and defendant is indigent. An affidavit of indigency is attached
and incorporated hereto as Exhibit "1".
 
Clearly, nothing in Spruce's request sets forth reasonable grounds of why DNA testing
should be pursued, nor does it set forth reasonable grounds for Spruce to believe
biological material still exists and could be tested in this case. Because Spruce has not
satisfied the three statutory requirements for appointment of counsel, we cannot say the
trial court erred in denying Spruce's request for appointment of counsel. Cf. In re Ludwig,
162 S.W.3d 454, 454–55 (Tex. App.—Waco 2005, orig. proceeding) (post-amendment,
Chapter 64 no longer mandates appointment of counsel unless reasonable grounds exist
for motion to be filed).
II. The District Clerk
          In his second point of error, Spruce contends Patricia Dorner, the Hopkins County
District Clerk, abused her discretion by failing to file documents with the trial court. It is the
duty of the clerk of a district court to "carefully maintain and arrange the records relating
to or lawfully deposited in the clerk's office."  Tex. Gov't Code Ann. § 51.303 (Vernon
2005). Spruce argues Deputy Clerk Margie Peck refused to file Spruce's "Motion for
Reconsideration and Notice of Appeal." But the record before this Court clearly refutes
Spruce's factual contention: the record shows the clerk received and filed Spruce's "Motion
for Reconsideration and Notice of Appeal" January 10, 2005. Accordingly, we overrule
Spruce's second point of error.
III. Conclusion
          In 2003, the Texas Legislature amended Article 64.01 of the Texas Code of Criminal
Procedure. No longer are trial courts required to appoint counsel for post-conviction DNA
testing merely on request after the convicted person proves indigency. Before counsel
must be appointed, the convicting court must now be satisfied that reasonable grounds
exist to file a motion for post-conviction DNA testing. This requirement, however, applies
only to requests for counsel made after September 1, 2003. Spruce filed his request for
counsel after that date, and that request made no effort to show reasonable grounds exist
for a motion for DNA testing to be filed. Because the record does not show the statutory
requirements have been satisfied, we cannot say the trial court erred by denying Spruce's
request for appointed counsel.
          We affirm the trial court's judgment.
 
                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      July 11, 2005
Date Decided:         August 17, 2005

Do Not Publish