# NO. 12-09-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| **IN RE: FERRELL SCOTT, JR.** **RELATOR** | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Relator, Ferrell Scott, Jr., has filed a pro se petition for writ of mandamus complaining that the trial court has taken no action on his postconviction request for DNA testing.[1] *See generally* TEX. CODE CRIM. PROC. ANN. art. 64.01–.05 (Vernon 2006 & Supp. 2008).

To establish the trial court abused its discretion by failing to rule on a motion, a relator must show that the court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.–Texarkana 2003, orig. proceeding). A trial court must consider and rule on, within a reasonable time, a Chapter 64 motion for DNA testing. *Id.* at 288; *In re Allen*, No. 08-07-00110-CR, 2007 WL 2405799, at *2 (Tex. App.–El Paso Aug. 23, 2007, orig. proceeding) (mem. op., not designated for publication).

Relator alleges that he filed his motion for DNA testing on November 8, 2008. However, his petition does not include an appendix and is not accompanied by a record. *See* TEX. R. APP. P. 52.3(j), 52.7(a)(1). Consequently, we do not have a copy of the motion for DNA testing and therefore cannot verify Relator's allegations relating to the filing of the motion. Nor can we determine that the trial court is aware that any such motion has been filed. *See In re Villareal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding) ("A court cannot be faulted for doing

---

[1] A jury found Relator guilty of murder and sentenced him to imprisonment for life. This court affirmed the conviction. *See Scott v. State*, 894 S.W.2d 810, 812 (Tex. App.—Tyler 1994, pet. ref'd).

nothing when it was not aware of the need to act."). *See **In re Cash***, 99 S.W.3d at 288. Thus, we are unable to address the merits of his request for mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

Opinion delivered February 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)