NO. 12-09-00042-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 

IN RE: FERRELL SCOTT, JR.

RELATOR
§
 ORIGINAL PROCEEDING


§
 






MEMORANDUM OPINION


PER CURIAM


 Relator, Ferrell Scott, Jr., has filed a pro se petition for writ of mandamus complaining that
the trial court has taken no action on his postconviction request for DNA testing. (1) See generally
Tex. Code Crim. Proc. Ann. art. 64.01-.05 (Vernon 2006 & Supp. 2008). 

 To establish the trial court abused its discretion by failing to rule on a motion, a relator must
show that the court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform
the act, and (3) failed or refused to do so. In re Cash, 99 S.W.3d 286, 288 (Tex. App.-Texarkana
2003, orig. proceeding). A trial court must consider and rule on, within a reasonable time, a Chapter
64 motion for DNA testing. Id. at 288; In re Allen, No. 08-07-00110-CR, 2007 WL 2405799, at
*2 (Tex. App.-El Paso Aug. 23, 2007, orig. proceeding) (mem. op., not designated for publication).

 Relator alleges that he filed his motion for DNA testing on November 8, 2008. However,
his petition does not include an appendix and is not accompanied by a record. See Tex. R. App. P.
52.3(j), 52.7(a)(1). Consequently, we do not have a copy of the motion for DNA testing and
therefore cannot verify Relator's allegations relating to the filing of the motion. Nor can we
determine that the trial court is aware that any such motion has been filed. See In re Villareal, 96
S.W.3d 708, 710 (Tex. App.-Amarillo 2003, orig. proceeding) ("A court cannot be faulted for doing
nothing when it was not aware of the need to act."). See In re Cash, 99 S.W.3d at 288. Thus, we
are unable to address the merits of his request for mandamus relief. Accordingly, Relator's petition
for writ of mandamus is denied.

Opinion delivered February 18, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




























(DO NOT PUBLISH)







1. A jury found Relator guilty of murder and sentenced him to imprisonment for life. This court affirmed the
conviction. See Scott v. State, 894 S.W.2d 810, 812 (Tex. App.--Tyler 1994, pet. ref'd).