NO. 07-09-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 7, 2009
______________________________
 
IN RE KYLE DAMMEL RYAN, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Relator, Kyle Dammel Ryan, appearing pro se, has filed a motion for leave to file a
petition for writ of mandamus


 and a petition for writ of mandamus on June 5, 2009.


 He
asks that we order the respondent, the Honorable David L. Gleason, to hear and rule on
his post-conviction motion for DNA testing


 and order him to appoint counsel for
representation of respondent in the Chapter 64 proceeding. According to relator, on
January 5, 2009, he submitted a motion for DNA testing for filing and a motion for
appointment of counsel on February 3. While relator includes these documents in the
appendix to his petition, neither bear a file mark nor does he certify or swear to their
accuracy. For the reasons that follow, we deny relator’s motion and petition.
          According to relator’s petition, in September 2006 in the 181st District Court, he
plead guilty to the charge of sexual assault of a child, and Judge Gleason sentenced him
to twenty-five years in prison. We judicially notice that Judge Gleason was not the
presiding judge of the 181st District Court at that time, but was a senior district judge
serving by assignment. We will assume, therefore, that Judge Gleason was duly assigned
to preside over the trial of relator’s case by the presiding administrative judge of the region. 
See Tex. Gov’t Code Ann. § 74.056(a) (Vernon 2005). The scope and extent of the
authority of an assigned judge depends on the terms and conditions of the order of
assignment. Beard v. Beard, 49 S.W.3d 40, 47 (Tex.App.–Waco 2001, pet. denied). A
writ of mandamus is an order directed personally to the respondent. In re Roseland Oil &
Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.–Eastland 2001, orig. proceeding) (“[m]andamus
is personal to the judge”). Cf. In re Baylor Med. Ctr. at Garland, 289 S.W.3d 277, 228
(Tex. 2008) (orig. proceeding) (“[m]andamus will not issue against a new judge for what a
former one did”); State v. Olsen, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig.
proceeding) (“[a] writ of mandamus will not lie against a successor judge in the absence
of a refusal by him to grant the relief Relator seeks”). The record does not indicate the
scope of Judge Gleason’s assignment. Regardless of the merits of relator’s complaint,
nothing shows the proper respondent is Judge Gleason. 
          Even if Judge Gleason were the proper respondent, we would find relator’s petition
does not demonstrate his entitlement to the requested extraordinary relief he seeks. The
form of relator’s petition does not comply with the Rules of Appellate Procedure. It lacks
the certification required by Rule 52.3(j) and not all documents in the appendix are certified
or sworn as required by Rule 52.3(k)(1)(A). Tex. R. App. P. 52.3. Additionally, the petition
does not contain proper proof of service on the real party in interest, the State. Tex. R.
App. P. 9.5.
          Moreover, assuming the accuracy of the petition’s appendix, the record does not
indicate relator’s motions were called to the attention of the trial court and it refused to act. 
Mandamus is an extraordinary remedy available only in limited circumstances involving
manifest and urgent necessity and not for grievances that may be addressed by other
remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A relator must
demonstrate a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy at law. See Republican Party of Texas v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). Relator does not challenge a ruling of the trial court. Rather
he alleges failure of that court to perform a ministerial duty. Therefore, to obtain relief by
mandamus, relator must also show: (1) a legal duty by the trial court to act; (2) a demand
for performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846
(Tex. 1979); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig.
proceeding). 
          With his motions, relator included a letter requesting the district clerk to file the
motion and present it to the trial court. The record does not, however, indicate the court
was made aware of relator’s requests and when. A court has no duty to consider a motion
not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st
Dist.] 1994, writ denied). Merely filing a motion with the district clerk does not prove it was
brought to the attention of the trial court because the clerk’s knowledge of the motion is not
imputed to the trial court. In re Chavez, 62 S.W.3d at 228. Therefore, “[relator] must prove
that the trial court received notice of the pleading . . . . Merely alleging that something was
filed with or mailed to the district clerk does not satisfy that requirement.” In re Metoyer,
No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2,
(Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not designated
for publication). The rationale of this precept is clear. “[A] court cannot be faulted for doing
nothing when it is or was unaware of the need to act.” In re Metoyer, 2008 WL 123575,
at *1, 2008 Tex. App. Lexis 243, at *3. Relator’s petition fails for want of proof that his
motions were brought to the attention of the trial court and it refused to act. See In re
Posey, No. 07-03-0518-CV, 2004 WL 111551, *1, 2004 Tex. App. Lexis 695 at *2-*3
(Tex.App.–Amarillo January 22, 2004, orig. proceeding) (mem. op.).
          Relying on In re Cash, 99 S.W.3d 286 (Tex.App.–Texarkana 2003, orig. proceeding)
relator argues a trial court’s five-month failure to rule on a motion for DNA testing is a clear
abuse of discretion authorizing issuance of a writ of mandamus compelling a ruling. We
disagree with relator’s notion that a bright-line time standard governs the trial court’s
discretion to rule on a pending motion. See In re Chavez, 62 S.W.3d at 229. We also
disagree that In re Cash would authorize grant of relator’s petition. There, before
conditionally granting Cash’s petition, the appellate court explained that a trial court has
a reasonable time to rule on a motion brought to its attention and a relator seeking to show
a trial court abused its discretion by failing to rule must, among other things, prove the trial
court was asked to perform an act and failed or refused to do so. Id. at 288. This can only
mean the record established that Cash’s motion was brought to the trial court’s attention
but the court nonetheless did not rule on it. In the present case, as we have noted, relator
has not proved the judge was aware of his motions and failed or refused to act. 
          Relator’s petition further asks that we direct the trial court to appoint counsel for
representation in his post-conviction proceeding for DNA testing. Appointment of counsel,
he argues, is a ministerial duty of the trial court.


 In a Chapter 64 proceeding, a convicting
court shall appoint counsel for the applicant if, among other things, it finds reasonable
grounds for filing a testing motion. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon
2006). Therefore, appointment of counsel in a Chapter 64 proceeding is not a ministerial
act. Because appointment of counsel implicates the judgment of the trial court, we are not
empowered to direct its ruling on relator’s request. We have repeatedly held that we may
not direct a trial court’s decision on a matter pending before it. See, e.g., In re Duffy, No.
07-09-0090-CV, 2009 WL 1066088, at *2, 2009 Tex. App. Lexis 2738, at *4-5
(Tex.App.–Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.) (citing cases). Accord In
re Blakeney, 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, orig. proceeding) (“[w]hile
we have jurisdiction to direct the trial court to make a decision, we may not tell the court
what that decision should be”). This rule is applicable to relator’s request.
Conclusion
          Even assuming Judge Gleason were the proper respondent, the record before us
does not demonstrate a clear abuse of discretion. For the reasons we have stated, we
deny relator’s petition for writ of mandamus.
 
                                                                           James T. Campbell

                                                                                    Justice