NO. 07-09-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 7, 2009
_____

IN RE KYLE DAMMEL RYAN, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Kyle Dammel Ryan, appearing *pro se*, has filed a motion for leave to file a petition for writ of mandamus[1] and a petition for writ of mandamus on June 5, 2009.[2] He asks that we order the respondent, the Honorable David L. Gleason, to hear and rule on his post-conviction motion for DNA testing[3] and order him to appoint counsel for representation of respondent in the Chapter 64 proceeding. According to relator, on January 5, 2009, he submitted a motion for DNA testing for filing and a motion for appointment of counsel on February 3. While relator includes these documents in the

_____

[1] Motions for leave to file a petition for writ of mandamus have not been required since the appellate rules were amended in 1997. Tex. R. App. P. 52.1 Notes and Comments.

[2] Relator did not accompany his filings with a filing fee or affidavit of indigence. We gave relator notice of this defect and an opportunity to cure. On June 29, 2009, relator filed a sufficient affidavit of indigence. *See* Tex. R. App. P. 20.1.

[3] Tex. Code Crim. Proc. Ann. art. 64.001-.005 (Vernon 2006).

appendix to his petition, neither bear a file mark nor does he certify or swear to their accuracy. For the reasons that follow, we deny relator's motion and petition.

According to relator's petition, in September 2006 in the 181st District Court, he plead guilty to the charge of sexual assault of a child, and Judge Gleason sentenced him to twenty-five years in prison. We judicially notice that Judge Gleason was not the presiding judge of the 181st District Court at that time, but was a senior district judge serving by assignment. We will assume, therefore, that Judge Gleason was duly assigned to preside over the trial of relator's case by the presiding administrative judge of the region. *See* Tex. Gov't Code Ann. § 74.056(a) (Vernon 2005). The scope and extent of the authority of an assigned judge depends on the terms and conditions of the order of assignment. *Beard v. Beard,* 49 S.W.3d 40, 47 (Tex.App.–Waco 2001, pet. denied). A writ of mandamus is an order directed personally to the respondent. *In re Roseland Oil & Gas, Inc.,* 68 S.W.3d 784, 786 (Tex.App.–Eastland 2001, orig. proceeding) ("[m]andamus is personal to the judge"). *Cf. In re Baylor Med. Ctr. at Garland,* 289 S.W.3d 277, 228 (Tex. 2008) (orig. proceeding) ("[m]andamus will not issue against a new judge for what a former one did"); *State v. Olsen,* 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding) ("[a] writ of mandamus will not lie against a successor judge in the absence of a refusal by him to grant the relief Relator seeks"). The record does not indicate the scope of Judge Gleason's assignment. Regardless of the merits of relator's complaint, nothing shows the proper respondent is Judge Gleason.

Even if Judge Gleason were the proper respondent, we would find relator's petition does not demonstrate his entitlement to the requested extraordinary relief he seeks. The form of relator's petition does not comply with the Rules of Appellate Procedure. It lacks the certification required by Rule 52.3(j) and not all documents in the appendix are certified or sworn as required by Rule 52.3(k)(1)(A). Tex. R. App. P. 52.3. Additionally, the petition does not contain proper proof of service on the real party in interest, the State. Tex. R. App. P. 9.5.

Moreover, assuming the accuracy of the petition's appendix, the record does not indicate relator's motions were called to the attention of the trial court and it refused to act. Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). A relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex. 1997). Relator does not challenge a ruling of the trial court. Rather he alleges failure of that court to perform a ministerial duty. Therefore, to obtain relief by mandamus, relator must also show: (1) a legal duty by the trial court to act; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding).

With his motions, relator included a letter requesting the district clerk to file the motion and present it to the trial court. The record does not, however, indicate the court was made aware of relator's requests and when. A court has no duty to consider a motion not called to its attention. *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Merely filing a motion with the district clerk does not prove it was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez,* 62 S.W.3d at 228. Therefore, "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2, (Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not designated for publication). The rationale of this precept is clear. "[A] court cannot be faulted for doing nothing when it is or was unaware of the need to act." *In re Metoyer,* 2008 WL 123575, at *1, 2008 Tex. App. Lexis 243, at *3. Relator's petition fails for want of proof that his motions were brought to the attention of the trial court and it refused to act. *See In re Posey,* No. 07-03-0518-CV, 2004 WL 111551, *1, 2004 Tex. App. Lexis 695 at *2-*3 (Tex.App.–Amarillo January 22, 2004, orig. proceeding) (mem. op.).

Relying on *In re Cash,* 99 S.W.3d 286 (Tex.App.–Texarkana 2003, orig. proceeding) relator argues a trial court's five-month failure to rule on a motion for DNA testing is a clear abuse of discretion authorizing issuance of a writ of mandamus compelling a ruling. We disagree with relator's notion that a bright-line time standard governs the trial court's discretion to rule on a pending motion. *See In re Chavez,* 62 S.W.3d at 229. We also

4

disagree that *In re Cash* would authorize grant of relator's petition. There, before conditionally granting Cash's petition, the appellate court explained that a trial court has a reasonable time to rule on a motion brought to its attention and a relator seeking to show a trial court abused its discretion by failing to rule must, among other things, prove the trial court was asked to perform an act and failed or refused to do so. *Id.* at 288. This can only mean the record established that Cash's motion was brought to the trial court's attention but the court nonetheless did not rule on it. In the present case, as we have noted, relator has not proved the judge was aware of his motions and failed or refused to act.

Relator's petition further asks that we direct the trial court to appoint counsel for representation in his post-conviction proceeding for DNA testing. Appointment of counsel, he argues, is a ministerial duty of the trial court.[4] In a Chapter 64 proceeding, a convicting court shall appoint counsel for the applicant if, among other things, it finds reasonable grounds for filing a testing motion. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon 2006). Therefore, appointment of counsel in a Chapter 64 proceeding is not a ministerial act. Because appointment of counsel implicates the judgment of the trial court, we are not empowered to direct its ruling on relator's request. We have repeatedly held that we may not direct a trial court's decision on a matter pending before it. *See, e.g., In re Duffy,* No. 07-09-0090-CV, 2009 WL 1066088, at *2, 2009 Tex. App. Lexis 2738, at *4-5 (Tex.App.–Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.) (citing cases). *Accord In*

---

[4] An act is considered ministerial "'when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex.Crim.App. 1994) (*quoting Texas Dep't of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App. 1981)).

*re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, orig. proceeding) ("[w]hile we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be").  This rule is applicable to relator's request.

## Conclusion

Even assuming Judge Gleason were the proper respondent, the record before us does not demonstrate a clear abuse of discretion.  For the reasons we have stated, we deny relator's petition for writ of mandamus.

James T. Campbell
Justice