COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: JOSE A. RENTERIA, | | |
| | § | No. 08-11-00071-CR |
| Relator. | | |
| | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

**MEMORANDUM OPINION**
**ON PETITION FOR WRIT OF MANDAMUS**

Jose A. Renteria seeks a writ of mandamus to compel the trial court to rule on a "Motion to Enter Nunc Pro Tunc," in which Renteria asserted that he failed to receive credit for pre-sentencing confinement. Renteria claims that he filed the motion on November 1, 2010, and that he has not received any response from the trial court.

A writ of mandamus will issue to compel a trial court to perform a ministerial act when the relator has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act, and mandamus may issue to compel the court to act. *See id.*; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App. – Amarillo 2001, orig. proceeding); *see also In re Cash*, 99 S.W.3d 286, 288 (Tex. App. – Texarkana 2003, orig. proceeding) (granting mandamus relief when the trial court failed to rule on a motion for almost five months). Here, Renteria has not demonstrated that his motion was actually brought to the trial court's attention or that the court had notice of the motion. Although he states in his mandamus petition that he filed the motion, he does not state whether he filed it with the district clerk or the trial court. If it was filed with the district

clerk, the clerk's knowledge cannot be imputed to the trial court.  *See Chavez*, 62 S.W.3d at 228.

Accordingly, the petition for a writ of mandamus is denied.


GUADALUPE RIVERA, Justice

March 23, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)