Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



IN RE: JOSE A. RENTERIA,


 Relator.
 §


 


§


 


§


 


§


 


§



No. 08-11-00071-CR



AN ORIGINAL PROCEEDING


IN MANDAMUS

MEMORANDUM OPINION 


ON PETITION FOR WRIT OF MANDAMUS


 Jose A. Renteria seeks a writ of mandamus to compel the trial court to rule on a "Motion to
Enter Nunc Pro Tunc," in which Renteria asserted that he failed to receive credit for pre-sentencing
confinement. Renteria claims that he filed the motion on November 1, 2010, and that he has not
received any response from the trial court.

 A writ of mandamus will issue to compel a trial court to perform a ministerial act when the
relator has no adequate remedy at law. State ex rel. Young v. Sixth Judicial Dist. Court at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion has
been properly filed and brought to the court's attention, the act of giving consideration to and ruling
upon the motion is a ministerial act, and mandamus may issue to compel the court to act. See id.;
In re Chavez, 62 S.W.3d 225, 228 (Tex. App. - Amarillo 2001, orig. proceeding); see also In re
Cash, 99 S.W.3d 286, 288 (Tex. App. - Texarkana 2003, orig. proceeding) (granting mandamus
relief when the trial court failed to rule on a motion for almost five months). Here, Renteria has not
demonstrated that his motion was actually brought to the trial court's attention or that the court had
notice of the motion. Although he states in his mandamus petition that he filed the motion, he does
not state whether he filed it with the district clerk or the trial court. If it was filed with the district
clerk, the clerk's knowledge cannot be imputed to the trial court. See Chavez, 62 S.W.3d at 228.

 Accordingly, the petition for a writ of mandamus is denied.


 GUADALUPE RIVERA, Justice

March 23, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)