

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00026-CR

_____


IN RE:  RANDY HENDERSON


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Randy Henderson asks this Court to order the judge of the 202nd Judicial District Court of Bowie County to rule upon his motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure. He states that his motion shows his desire for DNA testing, that he has filed the requisite affidavit of indigence, and that he sought to have his motion heard by the trial court. Henderson thus asks this Court to direct the trial court to hold a hearing on his claim of indigency and then order the immediate appointment of counsel "pursuant to either art. 26.04 or 11.071 of the Texas Code of Criminal Procedure. Chapter 64.01(c)."

In his petition for writ of mandamus, he states that he filed a motion for DNA testing September 5, 2012, and on November 16 wrote a letter enquiring about its status. In support, Henderson has attached a copy of a motion for forensic DNA testing bearing no file stamp from the district court clerk's office. His signature line on the motion and its certificate of service are dated February 15, 2013. He has also provided an affidavit which was evidently attached to his motion (also dated February 15) and a copy of a letter with a date at the top showing November 16, 2012, but bearing a signature and associated date of February 15, 2013, at the bottom. The affidavit avers that the claims of child abuse made against him were untrue and that there was "DNA fingerprinting" which the State had claimed had been done—and requesting that information because it would prove his innocence. The affidavit also claims indigency, states that an *in forma pauperis* form was included, and requests an attorney.

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that: (1) there is no adequate remedy at law to redress the alleged

2

harm and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The true gist of his argument is a request that we direct the trial court to rule on his motion for DNA testing.[1] Mandamus will issue to direct a trial court to rule on a motion, although not to mandate the nature of the ruling. A trial court must consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

Notwithstanding Henderson's statement in his petition for writ of mandamus as to the date on which he had filed a motion for DNA testing, he has provided no file-marked copy to show an actual date of filing. The attachments to his petition provide no support for his claims regarding the date on which he filed either the motion or reminder letter. In order to receive mandamus relief, a petitioner must conclusively show that he is entitled to such relief. This petition and its attachments do not meet that standard.

---

[1] Henderson provided the trial court with nothing to indicate what sort of materials might exist to test, and the notion of a "DNA fingerprint" is not helpful.

We deny the petition.

Bailey C. Moseley
Justice

Date Submitted:     February 28, 2013
Date Decided:       March 1, 2013

Do Not Publish

4