# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00004-CV

**In re Donald Aekins**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

In this original proceeding, Relator Donald Aekins seeks a writ of mandamus to compel the Honorable Brenda Kennedy, presiding judge of the 403rd Judicial District Court of Travis County, to rule on his motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure and his motion requesting an appointed attorney to assist him in pursuing forensic DNA testing. *See* Tex. Code Crim. Proc. arts. 64.01–.03. We conditionally grant the writ.

To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *see In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to relief. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding); *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable,

such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927–28; *In re Daisy*, 156 S.W.3d at 924 ; *see also In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) ("A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.").

A trial court must consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding); *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *In re Cash*, 99 S.W.3d at 288; *see In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). When a motion has been properly filed and has been brought to the court's attention, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *In re Bonds*, 57 S.W.3d at 457; *see In re Cash*, 99 S.W.3d at 288 (conditionally granting writ of mandamus when trial court failed to rule on motion for forensic DNA testing for five months).

2

The record in this matter demonstrates that Relator filed his motion for forensic DNA testing on April 10, 2014. The record also indicates that in connection with that motion, Relator filed a motion requesting the appointment of counsel to assist him in pursing DNA testing.[1] The record also contains several letters sent to the clerk in which Relator asks the clerk's office and "the 403rd District Court" to "set this DNA motion and its supporting motions for a hearing" and "present these motions to the presiding Judge for a ruling." One of these letters is dated September 29, 2014 and file-marked October 1, 2014. Thus, the record before us establishes that Relator's motions for DNA testing and the appointment of counsel have been properly filed and brought to the court's attention. The record further reflects that the trial court has not acted on Relator's motions in the 11 months since they were filed. This failure to act constitutes an abuse of discretion because the trial court has a ministerial duty to enter a ruling within a reasonable time. For this reason, we conditionally grant the petition for writ of mandamus.

We direct Respondent to rule on Relator's motion for forensic DNA testing and his request for the appointment of counsel in this matter. We are confident that Respondent will promptly comply with this opinion. The writ will issue only if Respondent fails to do so.

---

[1] Both Relator in his petition for writ of mandamus and the State in its response to the petition indicate that the motion requesting the appointment of counsel was filed at the same time as the motion for DNA testing.

3

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed:   March 11, 2015