**DISMISSED and Opinion Filed November 10, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00487-CV

## IN RE JEROME JOHNSON, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Schenck

In this original proceeding, Jerome Johnson petitions for a writ of mandamus to compel the trial court to conduct a hearing and issue written findings on his motion seeking post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.005 (allowing appeal in DNA testing proceeding in same manner as other criminal appeals). Relator has also filed motions for disclosure, discovery, and inspection of various records; to take judicial notice of various record; and to conduct a court of inquiry to examine his allegations of prosecutorial misconduct and a conspiracy against him between the trial court judge who presided over his trial and the prosecutor. Because this case is now moot, we dismiss the proceeding.

On August 13, 2021, relator filed an objection to the trial court's decision to allow the State to file a late response to his motion seeking DNA testing. In his objection, appellant relates that the State filed its response to his request for DNA testing on July 13, 2021, and after reviewing the State's response, the trial court issued an order denying testing on July 22, 2021 on the ground identity was not at issue in relator's criminal case.

A review of the trial court's online docket sheet confirms the State filed a response to relator's motion for testing on July 13, 2021, and the trial court issued an order denying relator's motion on July 22, 2021. The trial court's order, reproduced in a link to the docket sheet, includes a finding that relator is not entitled to testing because identity was not at issue in his case. We take judicial notice of the trial court's online docket sheet and order. *See In re Johnson*, 599 S.W.3d 311, 311 n.1 (Tex. App.—Dallas 2020, orig. proceeding).

Relator was entitled to pursue mandamus relief to compel the trial court to rule within a reasonable time on his motion for post-conviction DNA testing. *See In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding). However, the trial court's ruling on relator's motion for DNA testing delivers all of the relief he is entitled to, thus rendering his petition for writ of mandamus moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (original proceeding) (mandamus relief rendered moot when relator received information he was seeking);

–2–

*Johnson*, 599 S.W.3d at 311–12 (mandamus proceeding seeking ruling on motion rendered moot when respondent trial court ruled on motion).

Relator's criticisms of the trial court's decision raised in his objection to the State's response are matters for appeal, rather than mandamus. *See Bonilla*, 424 S.W.3d at 533 (to be entitled to mandamus relief, relator must show he has no adequate remedy at law and seeks to compel ministerial act); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (mandamus relief unavailable when relator has adequate remedy by appeal).

Accordingly, we dismiss as moot relator's petition for writ of mandamus. *See Bonilla*, 424 S.W.3d at 534 (dismissal is proper when mandamus proceeding becomes moot); *Johnson*, 599 S.W.3d at 312 (dismissing petition for writ of mandamus after matter became moot). We deny as moot all pending motions relator has filed in this case.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210487F.P05

–3–